■ MARINUS JOBSE, Respondent, v. VINCENT C. SANTOMASSIMO et al., Appellants, et al., Defendant.— Order entered March 18, 1965, recalling an order entered April 18, 1963, which had granted a motion by defendants to dismiss the action for lack of prosecution, and denying such motion on condition that the attorney for plaintiff pay $250 as costs, and order entered April 9, 1965 denying defendants' motion to vacate the order of March 18, 1965, unanimously reversed on the law and facts, and in the exercise of discretion; the motion to vacate is granted and the action is unconditionally dismissed, with $30 costs and disbursements to appellants. After Special Term had unconditionally dismissed the action for lack of prosecution on April 18, 1963, plaintiff's informal application by letter for reargument was granted on May 2, 1963; and, upon such reargument, the prior decision was recalled and the motion to dismiss was denied upon payment of $250 in costs to defendants payable by the attorney for plaintiff within 30 days from the date of the order. Plaintiff appealed from that part of the order imposing costs as a condition, but that appeal was dismissed by this court for failure to prosecute on February 7, 1964. Almost two years after the order of May 2, 1963 was made, plaintiff's attorney applied to the Justice who had made said order to sign a proposed long-form order embodying the disposition made in May, 1963. Such an order was signed on March 18, 1965. The attorneys for defendants-appellants moved to vacate the March 18, 1965 order and their motion was denied on the ground that they had received due notice of the settlement of the March 18 order but had failed to raise any objection. Apart from the irregular and patently improper proceedings adopted by plaintiff to revive the short-form order of May 2, 1963 by the submission of a long-form order in March, 1965 (after plaintiff had appealed from the May 2, 1963 order and the appeal had been dismissed for lack of prosecution), the record demonstrates inexcusable delay in the prosecution of the action. Moreover, it is uncontrovertably averred that plaintiff's attorney never complied with the condition imposed by the May 2, 1963 order to pay the $250 in costs. The action, commenced in August, 1959, is predicated on an accident which occurred on February 7, 1959. Issue was joined on February 9, 1960 and examinations before trial were concluded on September 13, 1960. In initially dismissing the action for lack of prosecution in April, 1963, Special Term alluded to the fact that more than three years had passed since issue was joined and more than 30 months since the examinations before trial were held. In our opinion, Special Term was exceedingly lenient in the order of May 2, 1963 granting reargument and making the dismissal conditional upon payment of $250 in costs. But the antecedent delay in prosecuting the action was compounded by continued inactivity and failure to pay the $250 following the order of May 2, 1963. Even if there were power to entertain plaintiff's application in March, 1965, to resettle the order of May 2, 1963, it was an improvident exercise of discretion to do so in the circumstances of this case. Consequently, the motion to vacate the order of March 18, 1965, should have been granted; that order is reversed and vacated; and the action is dismissed unconditionally for failure to prosecute diligently. Concur — Valente, J. P., McNally, Eager and Steuer, JJ.